1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   DWAIN LAMMEY,                    No. 2:21-cv-00857 WBS DMC

13              Plaintiff,

14        v.                          ORDER RE: MOTION TO DISMISS

15   JNZ HOSPITALITY, LLC, a
     California Limited Liability
16   Company,

17              Defendant.

18

19                         ----oo0oo----

20          Plaintiff Dwain Lammey ("plaintiff") has brought this

21   action against JNZ Hospitality, LLC ("defendant") seeking

22   injunctive relief and damages for violation of the Americans with

23   Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. Seq., and

24   violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51-53.

25   Defendant now moves to dismiss plaintiff's complaint in its

26   entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6),

27   for failure to state a claim upon which relief may be granted.

28   (See Mot. to Dismiss (Docket No. 8).)

                                  1

1    I.   Factual Background

2         Plaintiff is a California resident with physical

3    disabilities who is substantially limited in his ability to walk.

4    (Compl. at ¶ 1 (Docket No. 1).)  He is quadriplegic and uses a

5    wheelchair for mobility.  (Id.)  Defendant JNZ Hospitality, LLC

6    owns and operates the Motel 6 Chico located at 665 Manzanita

7    Court in Chico, California.  (Id. at ¶ 2.)  Plaintiff alleges

8    that he planned on making a trip to the Chico area in February

9    2021.  (Id. at ¶ 12.)  He chose the Motel 6 Chico because it had

10   a desirable price and location.  (Id. at ¶ 13.)

11        Due to plaintiff's condition, he is unable to or is

12   seriously challenged in his ability to stand, ambulate, reach

13   objects, transfer from his chair to other equipment, and maneuver

14   around fixed objects.  (Id. at ¶ 14.)  Plaintiff requires an

15   accessible guestroom and information about accessible features in

16   hotel rooms so that he can confidently book those rooms and

17   travel independently and safely.  (Id. at ¶ 15.)

18        On January 22, 2021, plaintiff visited the Motel 6

19   Chico reservation website at

20   https://www.motel6.com/content/g6/en/home.html seeking to book an

21   accessible room.  (Id. at ¶ 16.)  Plaintiff alleges there was

22   insufficient information about the accessible features in the

23   "accessible rooms" at the hotel to permit him to assess

24   independently whether a given hotel room would work for him.

25   (Id. at ¶ 18.)

26        Specifically, he contends he needs to know whether (1)

27   the doorways provide at least 32 inches of clearance; (2) there

28   is at least 30 inches width on the side of the bed for plaintiff

to pull his wheelchair alongside the bed; (3) the desk has sufficient knee and toe clearance; (4) the height of the toilet is between 17-19 inches and has the two required grab bars to facilitate transfer; (5) the sink provides knee clearance, any plumbing is wrapped with insulation, and the mirror is mounted at a lower height; and (6) the type of shower, whether the shower has a seat, grab bars on the wall, and a detachable hand-held shower wand, and that the shower accessories are all within 48 inches height.  (Id. at ¶ 24.)

Plaintiff states he will continue to travel to the Chico area on a regular and ongoing basis and will patronize the Motel 6 Chico once the defendant has changed its policies to comply with the ADA such that he can determine whether the hotel is physically accessible during the reservation process.  (Id. at ¶ 28.)

II.  Request for Judicial Notice

Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  See id.

In its request for judicial notice in support of its motion to dismiss (Docket No. 8-2), defendant requests that the court take judicial notice of: (1) the Consent Decree in United States v. Hilton Worldwide Inc., No. 10-1924, filed in the District Court for the District of Columbia on November 29, 2010; (2) a list of lawsuits filed by plaintiff and plaintiff's law

3

1  firm from 2020 to 2021 regarding same or similar claims as in

2  this lawsuit; (3) an image of the "Motel Accessibility" page of

3  the Motel 6 Chico website; and (4) images of the accessible

4  guestroom description on the Motel 6 Chico website.

5       The Hilton Consent Decree is a court document in the

6  public record.  Courts may take judicial notice of "court filings

7  and other matters of public record."  Reyn's Pasta Bella, LLC v.

8  Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Although,

9  plaintiff does not object to the request, the court finds nothing

10 in the fact that the consent decree was entered, nor in its

11 contents, which is relevant to the issues to be determined in

12 this motion.  Accordingly, the court does not take judicial

13 notice of the Hilton Consent Decree.

14      Plaintiff opposes defendant's request for judicial

15 notice of plaintiff's litigation history on the ground that it is

16 not relevant to the issues before the court.  (Opp'n to Mot. to

17 Dismiss at 1-2 (Docket No. 11).)  The court agrees.  Plaintiff

18 has already informed the court that he is an "ADA tester", or

19 someone who evaluates and documents the accessibility of

20 businesses and websites to ensure that they comply with the ADA.

21 (See Compl. at ¶ 29.)  More importantly, plaintiff's litigation

22 history is not helpful in deciding any of the issues before the

23 court on this motion.  (Compl. at ¶ 29.)

24      Defendant's request for judicial notice of the website

25 images is unopposed by plaintiff.  (See Opp'n to Mot. to Dismiss

26 at 8.)  On a motion to dismiss, a court may consider evidence

27 outside of the complaint if: "(1) the complaint refers to the

28 document; (2) the document is central to the plaintiff's claim;

4

1    and (3) no party questions the authenticity of the copy attached

2    to the 12(b)(6) motion." <u>Daniels-Hall v. National Educ. Ass'n</u>,

3    629 F.3d 992, 998 (9th Cir. 2010) (quoting <u>Marder v. Lopez</u>, 450

4    F.3d 445, 448 (9th cir. 2006)).  Plaintiff does not object to the

5    authenticity of the website pages themselves, but rather takes

6    issue with the accessibility of those pages in his complaint, as

7    discussed below.  (<u>See</u> Opp'n to Mot. to Dismiss at 8.)

8    Therefore, defendant's request for judicial notice as to the

9    website images is granted.  (<u>See</u> Req. for Judicial Notice, Ex. 3-

10    4 (Docket No. 8-2).)[1]

11    III. <u>Discussion</u>

12        Federal Rule of Civil Procedure 12(b)(6) allows for

13    dismissal when the plaintiff's complaint fails to state a claim

14    upon which relief can be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

15    The inquiry before the court is thus whether, accepting the

16    allegations in the complaint as true and drawing all reasonable

17    inferences in the plaintiff's favor, the complaint has stated "a

18    claim to relief that is plausible on its face."  <u>Bell Atl. Corp.</u>

19    <u>v. Twombly</u>, 550 U.S. 544, 570 (2007).

20        "The plausibility standard is not akin to a

21    'probability requirement,' but it asks for more than a sheer

22    possibility that a defendant has acted unlawfully."  <u>Ashcroft v.</u>

23    <u>Iqbal</u>, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the

24    elements of a cause of action, supported by mere conclusory

25    statements, do not suffice."  <u>Id.</u>  Although legal conclusions

26

        [1]  Screenshots of the website, which were Exhibits 3 and 4

27    to the Request for Judicial Notice, are attached to this Order as
Exhibit A.

28

1  "can provide the framework of a complaint, they must be supported
2  by factual allegations." Id. at 679.

3      A.   ADA Claim

4          To succeed on a discrimination claim under Title III of
5  the ADA, a plaintiff must show that "(1) he is disabled within
6  the meaning of the ADA; (2) the defendant is a private entity
7  that owns, leases, or operates a place of public accommodation;
8  and (3) the plaintiff was denied public accommodation by the
9  defendant because of [his] disability." See Ariz. ex rel.
10 Goddard v. Harkins Amusement Enters., 630 F.3d 666, 670 (9th Cir.
11 2011).

12         The only element in dispute is whether the plaintiff
13 was denied public accommodation because of his disability.  That
14 element is satisfied when the plaintiff can show a violation of
15 accessibility standards.  See Chapman v. Pier 1 Imports (U.S.)
16 Inc., 631 F.3d 939, 945 (9th Cir. 2011).  Here, plaintiff
17 contends that the Motel 6 Chico's reservation system in effect
18 denied him public accommodation by failing to describe the
19 hotel's accessibility features in sufficient detail. (See Compl.
20 at ¶ 35.)

21         Under the "Reservations Rule" promulgated by the
22 Department of Justice (DOJ) pursuant to the ADA, a hotel's
23 reservation website must "[i]dentify and describe accessible
24 features in the hotels and guest rooms offered through its
25 reservations service in enough detail to reasonably permit
26 individuals with disabilities to assess independently whether a
27 given hotel or guest room meets his or her accessibility needs. .
28 . ."  28 C.F.R. § 36.302(e)(1)(ii).

1          The DOJ has issued "guidance" on the Reservations Rule

2     stating:

3               The Department recognizes that a reservations
                system is not intended to be an accessibility
4               survey.  However, specific information concerning
                accessibility features is essential to travelers
5               with disabilities.  Because of the wide
                variations in the level of accessibility that
6               travelers will encounter, the Department cannot
                specify what information must be included in
7               every instance.  For hotels that were built in
                compliance with the 1991 Standards, it may be
8               sufficient to specify that the hotel is
                accessible and, for each accessible room, to
9               describe the general type of room (e.g., deluxe
                executive suite), the size and number of beds
10              (e.g., two queen beds), the type of accessible
                bathing facility (e.g., roll-in shower), and
11              communications features available in the room
                (e.g., alarms and visual notification devices) .
12              . . .

13              [O]nce reservations are made . . . many
                individuals with disabilities may wish to contact
14              the hotel or reservations service for more
                detailed information.  At that point, trained
15              staff (including staff located on-site at the
                hotel and staff located off-site at a
16              reservations center) should be available to
                provide additional information such as the
17              specific layout of the room and bathroom, shower
                design, grab-bar locations, and other amenities
18              available (e.g., bathtub bench) . . . .

19
      28 C.F.R. pt. 36, App. A (2010), Title III Regulations 2010
20
      Guidance and Section-by-Section Analysis, ("DOJ Guidance").
21
                The DOJ's administrative guidance in interpreting the
22
      requirements of the ADA is entitled to deference.  See Bragdon v.
23
      Abbott, 524 U.S. 624, 646 (1998) ("As the agency directed by
24
      Congress to issue implementing regulations . . . to render
25
      technical assistance explaining the responsibilities of covered
26
      individuals and institutions and to enforce Title III in court,
27
      the [DOJ's] views are entitled to deference."); Fortyune v. City
28
                                     7

1   of Lomita, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's

2   interpretation of its ADA implementing regulations is entitled to

3   'controlling weight unless it is plainly erroneous or

4   inconsistent with the regulation.'").

5           Plaintiff argues that the DOJ Guidance is simply "some

6   musings" by the DOJ and is not a rule or statement.  (See Opp'n

7   to Mot. to Dismiss at 6.)  However, numerous district courts in

8   this circuit have found compliance with the DOJ guidance to be

9   sufficient to satisfy the ADA and Reservations Rule.  In at least

10  70 substantially similar cases, courts in this circuit have

11  granted motions to dismiss based on the DOJ guidance, rejecting

12  plaintiff's position.[2]  Like those other courts, this court gives

13  _____

14          [2]   See Garcia v. CWI Santa Barbara Hotel, Ltd. P'ship, No.
    2:21-cv-02477-ODW, 2021 WL 3741547 (C.D. Cal. Aug. 24, 2021);
15  Whitaker v. Infinite Loop Cupertino Hotel, LLC, No. 21-cv-00483-
    BLF, 2021 WL 3727076 (N.D. Cal. Aug. 23, 2021); Whitaker v.
16  Brender Com. Land Holding LLC, No. 21-cv-01125-BLF, 2021 WL
    3727077 (N.D. Cal. Aug. 23, 2021); Garcia v. Apple Seven Services
17  San Diego, Inc., No. 20-cv-02385-BAS, 2021 WL 3725921 (S.D. Cal.
    Aug. 20, 2021); Love v. Lanai Garden Corp., No. 20-cv-08918-EJD,
18  2021 WL 3633834 (N.D. Cal. Aug. 17, 2021); Lammey v. Omni L.A.,
    LLC, No. 2:21-cv-00362-ODW, 2021 WL 3603166 (C.D. Cal. Aug. 13,
19  2021); Garcia v. Apple Seven Services SPE San Diego, Inc., No.
    2:21-cv-00841-ODW, 2021 WL 3568063 (C.D. Cal. Aug. 11, 2021);
20  Lammey v. Wilshire Suite Hotel, Inc., No. 2:20-cv-11779-ODW, 2021
    WL 4260405 (C.D. Cal. Aug. 9, 2021); Arroyo v. PHI Associates,
21  Ltd. P'ship, No. 21-cv-00784-KAW, 2021 WL 3270764 (N.D. Cal. July
    30, 2021); Whitaker v. San Francisco Airport S. TL, Ltd. P'ship,
22  No. 21-cv-00634-KAW, 2021 WL 3271384 (N.D. Cal. July 30, 2021);
    Marquez v. Diamondrock Hb Owner, LLC, No. 8:21-cv-00610-DOC, 2021
23  WL 3208033 (C.D. Cal. July 29, 2021); Scherer v. SMI Hotel, LLC,
    No. 8:21-cv-00619-DOC, 2021 WL 3355279 (C.D. Cal. July 29, 2021);
24  Arroyo v. HH Corner, LLC, No. 8:21-cv-00564-DOC, 2021 WL 4260402
    (C.D. Cal. July 28, 2021); Garcia v. Bell Gardens Hospitality,
25  LLC, No. CV 21-2758-GW, 2021 WL 4260404 (C.D. Cal. July 27,
    2021); Love v. CHSP TRS San Francisco LLC, No. 20-cv-07259, 2021
26  WL 3141198 (N.D. Cal. July 26, 2021); Garcia v. Silver Creek
27  Props., LLC, No. 2:21-cv-01530-GW, 2021 WL 4260407 (C.D. Cal.

28

                                    8

1

2 July 19, 2021); <u>Love v. Concord Hotel LLC</u>, No. 21-cv-00933-VC,
2021 WL 2966164 (N.D. Cal. July 15, 2021); <u>Arroyo v. Omni RLP</u>
3 <u>Holdings, et al.</u>, No. EDCV 20-2510 JGB, 2021 WL 4260403 (C.D.
Cal. July 15, 2021); <u>Love v. FYI MC, LLC</u>, No. 21-cv-02845, 2021
4 WL 2913654 (N.D. Cal. July 12, 2021); <u>Arroyo v. IA Lodging Santa</u>
<u>Clara, LLC</u>, No. 20-cv-08219-LHK, 2021 WL 2826707 (N.D. Cal. July
5 7, 2021); <u>Arroyo v. Huskies Owner LLC</u>, 21-cv-01016, 2021 WL
2711736 (N.D. Cal. July 1, 2021); <u>Arroyo v. Ashford Newark Ltd.</u>
6 <u>P'ship</u>, No. 21-cv-00215, 2021 WL 2711732 (N.D. Cal. July 1,
2021); <u>Love v. Royal Pacific Motel</u>, No. 20-cv-07308, 2021 WL
7 2711731 (N.D. Cal. July 1, 2021); <u>Garcia v. Hanjin International</u>
<u>Corp.</u>, No. CV 20-11582 PSG, 2021 WL 4260408 (C.D. Cal. June 16,
8 2021); <u>Love v. Leisure Hotel Group, LLC</u>, 21-cv-00954, 2021 WL
4145964 (N.D. Cal. June 15, 2021); <u>Garcia v. Best Western Norwalk</u>
9 <u>Inn, LLC</u>, CV 2025 DSF, 2021 WL 4260406 (C.D. Cal. June 14, 2021);
<u>Garcia v. Sweet 2017, LLC</u>, No. 2:20-cv-02181-JAM, 2021 WL 2417139
10 (E.D. Cal. June 14, 2021); <u>Whitaker v. LL South San Francisco,</u>
<u>Ltd. P'ship</u>, No. 21-cv-00632-HSG, 2021 WL 2291848 (N.D. Cal. June
11 4, 2021); <u>Arroyo v. CPLG Props. LLC</u>, No. 8:20-cv-02450-DOC, 2021
WL 4260604 (C.D. Cal. June 3, 2021); <u>Rios v. Leadwell Global</u>
12 <u>Prop. LLC</u>, No. 21-cv-00267, 2021 WL 2207408 (N.D. Cal. June 1,
2021); <u>Arroyo v. OLS Hotels & Resorts LLC</u>, No. 21-cv-01354-LB,
13 2021 WL 4145966 (N.D. Cal. May 26, 2021); <u>Garcia v. Palmetto</u>
<u>Santa Monica II, LLC</u>, No. 2:20-cv-11294-SB, 2021 WL 4260605 (C.D.
14 Cal. May 24, 2021); <u>Garcia v. TCRF Redondo TOD, LLC</u>, No. CV 21-
1516-GW, 2021 WL 4260664 (C.D. Cal. May 17, 2021); <u>Garcia v.</u>
15 <u>Pinnacle 1617, LLC</u>, No. 21-cv-00126-CAB, 2021 WL 1963823 (S.D.
Cal. May 17, 2021); <u>Salinas v. Starwood Hospitality</u>, No. EDCV 21-
16 434 JGB, 2021 WL 3930606 (C.D. Cal. May 14, 2021); <u>Garcia v.</u>
<u>Tonho Int'l Inc.</u>, No. SACV 21-00307-CJC, 2021 WL 4260603 (C.D.
17 Cal. May 14, 2021);  <u>Whitaker v. Cesano, Inc.</u>, No. 21-cv-01018-
MMC, 2021 WL 1947539 (N.D. Cal. May 14, 2021); <u>Whitaker v.</u>
18 <u>Fortuna Enters., Ltd. P'ship</u>, No. 2:20-cv-10314-SB, 2021 WL
4260606 (C.D. Cal. May 12, 2021); <u>Lammey v. Sunworld Dynasty U.S.</u>
19 <u>Holding LLC</u>, No. 2:21-cv-01302, 2021 WL 2642490 (C.D. Cal. May 7,
2021); <u>Arroyo v. BBC Esmeralda, LLC</u>, No. EDCV 21-342 JGB, 2021 WL
20 4260662 (C.D. Cal. May 7, 2021); <u>Love v. CCMH Fisherman's Wharf</u>
<u>LLC</u>, No. 20-cv-07131-JCS, 2021 WL 1734924 (N.D. Cal. May 3,
21 2021); <u>Garcia v. RPC Old Town Avenue Owner, LLC</u>, No. 21-cv-0170-
GPC, 2021 WL 1733388 (S.D. Cal. May 3, 2021); <u>Love v. Lafayette</u>
22 <u>Park Hotel Associates Ltd. P'ship</u>, No. 21-cv-00119-KAW, 2021 WL
4145088 (N.D. Cal. May 3, 2021); <u>Whitaker v. KK LLC</u>, No. 20-cv-
23 06877-MMC, 2021 WL 1700228 (N.D. Cal. Apr. 29, 2021); <u>Garcia v.</u>
<u>WH Manhattan Beach, Ltd. P'ship</u>, No. CV 20-11698-GW, 2021 WL
24 4260661 (C.D. Cal. Apr. 29, 2021); <u>Arroyo v. Newage Desert</u>
<u>Springs, LLC</u>, No. EDCV 21-0092-GW, 2021 WL 4260663 (C.D. Cal.

25

26

27

28

1  deference to the DOJ Guidance and looks to it to evaluate

2

3  Apr. 29, 2021); <u>Garcia v. LHO Mission Bay Rosie Resort, Ltd.

4  P'ship</u>, No. 20-cv-2370-DMS, 2021 WL 4145980 (S.D. Cal. Apr. 28, 2021); <u>Arroyo v. PA Hotel Holdings, LLC</u>, No. 21-cv-00343-SVK,

5  2021 WL 3135970 (N.D. Cal. Apr. 23, 2021); <u>Arroyo v. SC Landmark Hotels, LLC</u>, No. 21-cv-00119-KAW, 2021 WL 4145969 (N.D. Cal. Apr.

6  21, 2021); <u>Rios v. RLJ C San Francisco, Ltd. P'ship</u>, No. 21-cv-00338-KAW, 2021 WL 4145969 (N.D. Cal. Apr. 21, 2021); <u>Arroyo v.

7  Independence Menlo Hotel Owner, LLC</u>, No. 21-cv-00431-KAW, 2021 WL 4145969 (N.D. Cal. Apr. 21, 2021); <u>Garcia v. Torrance Inn JV,

8  LLC</u>, No. 2:21-cv-00988-RGK, 2021 WL 3557829 (C.D. Cal. Apr. 20, 2021); <u>Garcia v. Omee Corp.</u>, No. SACV 21-00256-CJC, 2021 WL

9  4260650 (C.D. Cal. Apr. 20, 2021); <u>Garcia v. LHM, Ltd. P'ship, LHMLP, Inc.</u>, No. SACV 21-00355, 2021 WL 4260647 (C.D. Cal. Apr.

10  19, 2021); <u>Love v. Ashford San Francisco II, Ltd. P'ship</u>, No. 20-cv-08458, 2021 WL 1428372 (N.D. Cal. Apr. 15, 2021); <u>Lammey v.

11  Apple Eight Cal., Inc.</u>, No. 2:21-cv-01260-PA (C.D. Cal. Apr. 14, 2021) (Docket No. 24); <u>Garcia v. PHG Irvine Park Place, LLC</u>, No.

12  SACV 21-00374-CJC, 2021 WL 4260648 (C.D. Cal. Apr. 13, 2021);

13  <u>Arroyo v. Dorcich Farms, LLC</u>, No. 20-CV-08216-LHK, 2021 WL

14  1375774 (N.D. Cal. Apr. 12, 2021); <u>Love v. W by W Almaden Expy I, LLC</u>, No. 20-cv-07807-SVK, 2021 WL 4260645 (N.D. Cal. Apr. 9,

15  2021); <u>Garcia v. E.L. Heritage Inn of Sacramento, LLC</u>, No. 2:20-cv-02191-JAM, 2021 WL 1253346 (E.D. Cal. Apr. 5, 2021); <u>Love v.

16  Wildcats Owner LLC</u>, No. 20-cv-08913-DMR, 2021 WL 1253739 (N.D.

17  Cal. Apr. 5, 2021); <u>Garcia v. PCH Beach Resort, LLC</u>, No. 8:21-cv-00081 (C.D. Cal. Mar. 30, 2021) (Docket No. 31); <u>Love v. Marriott

18  Ownership Resorts, Inc.</u>, No. 20-cv-07523-CRB, 2021 WL 1176674 (N.D. Cal. Mar. 29, 2021); <u>Garcia v. SL&C Ontario, LLC</u>, No. EDCV

19  21-61 JGB, 2021 WL 3557818 (C.D. Cal. Mar. 26, 2021); <u>Lammey v.

20  Spectrum Gateway Hotels, LLC</u>, No. 8:21-cv-00104-DOC, 2021 WL 4190863 (C.D. Cal. Mar. 22, 2021); <u>Love v. KSSF Enterprises Ltd.</u>,

21  No. 20-cv-08535-LB, 2021 WL 1056604 (N.D. Cal. Mar. 18, 2021); <u>Arroyo v. AJU Hotel Silicon Valley LLC</u>, No. 20-cv-08218-JSW, 2021

22  WL 2350813 (N.D. Cal. Mar. 18, 2021); <u>Garcia v. Chamber Maid Ltd.

23  P'ship</u>, No. CV 20-11699 PA, 2021 WL 3557832 (C.D. Cal. Mar. 15, 2021); <u>Love v. Marriott Hotel Services, Inc.</u>, No. 20-cv-07137-

24  TSH, 2021 WL 810252 (N.D. Cal. Mar. 3, 2021); <u>Love v. Gates Hotel, Inc.</u>, No. 20-cv-07191-SI, 2021 WL 4145977 (N.D. Cal. Mar.

25  2, 2021); <u>Garcia v. Gateway Hotel Ltd. P'ship</u>, No. CV 20-10752 PA, 2021 WL 936176 (C.D. Cal. Feb. 25, 2021); <u>Salinas v. Apple

26  Ten SPE Capistrano, Inc.</u>, No. SACV 20-02379-CJC, 2021 WL 3930605 (C.D. Cal. Feb. 18, 2021); <u>Arroyo v. JWMFE Anaheim, LLC</u>, No. SACV

27  21-00014-CJC, 2021 WL 936018 (C.D. Cal. Feb. 16, 2021).

28

1    plaintiff's claim.[3]

2            The court finds that the Motel 6 Chico's website

3    satisfies the articulated standard under the DOJ Guidance for

4    hotels built to 1991 standards.[4]  The website contains a "Motel

5    Accessibility" page (see Req. for Judicial Notice, Ex. 3 (Docket

6    No. 8-5)) which contains the needed information to demonstrate

7    that the "hotel is accessible."  (See DOJ Guidance.)

8            The "Motel Accessibility" page lists the common areas

9    of the hotel that are accessible and provides further details

10   about them, including, among other things, the fixed pool lift,

11   the routes of travel, and the accessible lobby registration desk.

12   (See Req. for Judicial Notice, Ex. 3.)  Notably, the website also

13   lists that the doorways to the guestrooms have 32" of clear width

14   (id.), which is a feature plaintiff included in his list of

15   desired information.  (Compl. at ¶ 24.)  With respect to the

16   accessible guest rooms, the descriptions of the rooms track the

17   guidelines and indicate the type of room, the size and number of

18   _____

19           [3]   This court's recent decision in Lindsay v. Shree
     Enterprise, LLC, No. 2:21-cv-00299-WBS, 2021 WL 2711225 (E.D.
20   Cal. July 1, 2021), is distinguishable.  There, plaintiff's
     version of the accessibility information set forth on the website
21   differed materially from defendant's version, and if plaintiff's
     version were accepted the trier of fact could have found that the
22   information was not just insufficient but false and misleading.
     In contrast, the parties in the present case agree on the
23   contents of the website as explained above in the grant of the
     request for judicial notice.
24

25           [4]   Plaintiff does not allege in his complaint that the
     Motel 6 Chico was not built to 1991 standards, but because the
26   plaintiff's complaint and opposition to the defendant's motion to
     dismiss are based upon the assumption that the 1991 standards are
27   applicable, the court analyzes this case upon that assumption.

28

1   beds, the type of accessible bathing facility, and that the rooms

2   are mobility accessible.  (See Req. for Judicial Notice, Ex. 3-

3   4.)  Overall, the information provided by the defendant on its

4   website goes beyond what "may be sufficient" under the

5   Reservation Rule.

6          Plaintiff argues that by stating that certain specified

7   information "may be sufficient" the DOJ Guidance does not purport

8   to provide an exhaustive list of the information concerning

9   accessibility features that must be contained on the website.

10  (Opp'n to Mot. to Dismiss at 6.)  That is true.  The DOJ Guidance

11  itself informs readers when more information may be required on a

12  hotel website, namely, information about features that either

13  "(1) do not comply with the current Standards or (2) can be

14  provided as one of the several acceptable alternatives."  See

15  Love v. Wildcats Owner LLC, No. 20-cv-08913-DMR, 2021 WL 1253739

16  at *7 (N.D. Cal. Apr. 4, 2021); see also Love v. CHSP TRS San

17  Francisco LLC, No. 20-cv-07259, 2021 WL 3141198 at *4-5 (N.D Cal.

18  July 26, 2021); Love v. Concord Hotel LLC, No. 21-cv-00933-VC,

19  2021 WL 2966164 at *1 (N.D. Cal. July 15, 2021) ("[t]here could

20  be situations where a room is 'accessible' as defined by the ADA

21  but there is something quirky about the room that many disabled

22  people would need to know.")

23         Requiring defendant to provide more information would

24  turn the website into an "accessibility survey," which the DOJ

25  Guidance seeks to avoid.  The specific information needed by each

26  person with a disability may differ pursuant to that individual's

27  disability, forcing the hotel's website to list pages and pages

28  of accessibility information for the hotel, contrary to the DOJ

12

1  Guidance.  If plaintiff needs more information, on the same page

2  as the listed accessible rooms, the website includes the number

3  of Motel 6 Chico's phone number which the plaintiff may call to

4  request further information (see Req. for Judicial Notice, Ex.

5  4), as indicated by the DOJ Guidance.

6  While plaintiff claims that other hotels provide more

7  information and therefore defendant should provide it as well

8  (Opp'n to Mot. to Dismiss at 13), the DOJ Guidance does not

9  require a comparative analysis.  Rather, the DOJ Guidance simply

10  sets forth the minimum information hotel websites should provide.

11  There is no dispute that the Motel 6 Chico provides this

12  necessary minimum information.

13  Plaintiff argues that the use of the word "accessible"

14  is "a conclusion or opinion" and does not provide enough

15  information for a person with a disability to "make an

16  independent assessment."  (See Opp'n to Mot. to Dismiss at 9.)

17  However, the term "accessible" is "defined in the [ADA

18  Accessibility Guidelines] to describe a site, building, facility,

19  or portion thereof that complies with these guidelines."  See

20  Garcia v. Sweet 2017, LLC, No. 2:20-cv-02181, 2021 WL 2417139, at

21  *3 (E.D. Cal. June 14, 2021) (quoting Garcia v. Gateway Hotel

22  L.P., No. CV 20-10752, 2021 WL 936176 (C.D. Cal Feb. 25, 2021).

23  The DOJ Guidance itself states "it may be sufficient to specify

24  that the hotel is accessible."  Therefore, defendant's use of the

25  term "accessible" to describe features within the hotel indicates

26  compliance with the ADA.

27  The court will accordingly grant defendant's motion to

28  dismiss plaintiff's ADA claim.

13

1    B.    California Unruh Civil Rights Act

2            Defendant's motion to dismiss plaintiff's second claim

3    under the California Unruh Civil Rights Act is predicated on the

4    alleged underlying ADA violation.  Because the court will dismiss

5    the underlying ADA claim, it will also dismiss the Unruh claim.

6            IT IS THEREFORE ORDERED that defendant's motion to

7    dismiss (Docket No. 8), be, and the same hereby is, GRANTED.

8

9

10   Dated:   September 23, 2021

     WILLIAM B. SHUBB
11   UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    14

# EXHIBIT A



Destination
**Chico, CA**

Dates (1 Night)
**Sun, Jul 25 - Mon, Jul 26**

Guests
**1 Adult • 0 Children**

① ② CHOOSE ROOM ③

Details                    Rooms                    Reviews



## Motel Accessibility

- Accessible swimming pool (entrance into pool and fixed pool lift)

- Accessible route from accessible public entrance to registration area

- Accessible public entrance (into Lobby)

- Accessible parking spaces for vans in self-parking facility

- Accessible route from accessible public entrance to accessible guestrooms

- Accessible guest rooms with mobility features have doorways that provide 32" of clear width

- Accessible route from motel's accessible public entrance to the swimming pool

- Accessible lobby registration desk

- Accessible parking spaces for cars in self-parking facility

**OK**

665 Manzanita Court, Chico, CA, 95926

(530) 345-5500

Motel 6 Chico, CA is located off US Route 99 at Cohasset and Mangrove. We are within walking distance to restaurants and shopping. Visit Bidwell Park, just 2

**Select Room**







